UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANICE D. GREEN, as guardian of GLADYS I. GREEN, )<br><br>Plaintiff, )<br><br>v. )<br><br>UNITED STATES OF AMERICA, )<br><br>Defendant. ) | Case No. 10-CV-0080-CVE-FHM |

## OPINION AND ORDER

Now before the Court is the United States' Motion to Dismiss (Dkt. # 4). Plaintiff, appearing pro se, seeks to recover $713,962.94 in taxes "illegally collected from Gladys I. Green and credited to the Robert C. Green Estate," as well as expenses for the collection and attorney fees.[1] Dkt. # 1, at 10. Although plaintiff does not explicitly state the statutory basis for her claim, she asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422.[2] The United States argues that this Court lacks subject matter jurisdiction over plaintiff's claims, that she lacks standing, that the Rooker-Feldman doctrine bars her action, and she has failed to state a claim upon which relief can be granted because claim and issue preclusion bar re-litigation of her claim. Dkt. # 5.

---

[1] Plaintiff is pro se and, thus, has not incurred attorney fees.

[2] 26 U.S.C. § 7422 does not confer jurisdiction on the federal courts.

**I.**

This is not the Green family's first suit to recover taxes paid by the Estate of Robert C. Green. The facts of this dispute were described in detail by this Court in <u>Green v. United States</u>, No. 07-CV-0231-CVE-PJC, 2008 WL 508675 (N.D. Okla. Feb. 22, 2008). A brief summary follows.

Janice Green is Gladys Green's daughter and legal guardian. Dkt. # 1, at 1. Robert C. Green was Gladys Green's husband. <u>Id.</u> at 2. Robert C. Green died on July 14, 1980. <u>Id.</u> Robert C. Green's will named Gladys Green as the sole beneficiary of his estate (hereinafter, the Estate). Robert C. Green's will was probated in the District Court for Beckham County, Oklahoma in a case styled <u>In the Matter of the Estate of Robert C. Green</u>, No. P-80-130. Robert G. Green, a son of Robert C. Green and Gladys Green, was appointed administrator of the Estate. <u>Id.</u> In 1982, an estate tax return was filed, reporting that the Estate owed $75,798 in taxes. Dkt. # 1, at 2. In 1985, the Estate return was audited and the Internal Revenue Service (IRS) made an additional assessment of $83,422. <u>Id.</u>

The Estate failed to pay any taxes, and in 1988 the United States filed suit against the Estate in the United States District Court for the Western District of Oklahoma to reduce the IRS's assessments to judgment. The Estate confessed judgment in the amount of $480,587.67, and judgment was entered against the Estate for unpaid income taxes. <u>United States v. Estate of Green</u>, No. 88-334-A (W.D. Okla.); Dkt. # 1, at 2. The IRS filed its judgment against the Estate in the District Court for Beckham County on May 9, 1989.

In 1994, the probate court removed Robert G. Green as administrator of the Estate and appointed LeRoy Boyer.[3] On July 22, 1996, the probate court entered a final decree naming heirs

---

[3] Plaintiff insists that Boyer was a former IRS employee; this is of no import.

...

and distributing assets of the Estate. No objections were filed in the probate court. After fees, the Estate had assets totaling $713,292.73. The probate court ordered that this entire sum be paid to the IRS for satisfaction of the judgment obtained in the Western District of Oklahoma.

On November 25, 2002, Gladys Green filed a lawsuit against the United States in the Western District of Oklahoma alleging claims under 26 U.S.C. §§ 7426 (wrongful levy), 7431 (unauthorized disclosure), 7432 (failure to release lien), 7433 (unauthorized collection activity), and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) (alleging a Fourth Amendment violation). Green v. United States of America, No. 02-1670C (W.D. Okla.) (hereinafter, Green I). The Green I court dismissed the 26 U.S.C. §§ 7431, 7432, and 7433 claims for lack of standing, because Green was not the "taxpayer" from whom the estate taxes were collected.[4]

On September 9, 2005, Janice Green, as guardian of Gladys Green, filed a second suit asserting claims under 26 U.S.C. § 7426 and Bivens. Green v. United States, No. CIV-05-1052-C (W.D. Okla.) (hereinafter, Green II). The Green II court found that the statute of limitations had expired on the wrongful levy claim, and granted summary judgment to the United States on all claims. The Green II court also imposed costs against Janice Green under Fed. R. Civ. P. 41(d).

---

[4]   Gladys Green first conceded that her Bivens claim could not survive a motion to dismiss, and that claim was dismissed with prejudice. After her statutory claims were dismissed, Gladys Green filed an amended complaint asserting claims under Bivens and 26 U.S.C. § 7426. She then claimed that she had intended to file a motion for voluntary dismissal under Fed. R. Civ. P. 41(a). The Green I court dismissed the case without prejudice, but warned Gladys Green that the court would consider taxing costs against her if she attempted to relitigate her claims against the United States. Gladys Green was represented by Robert C. Green in Green I.

On April 20, 2007, Janice Green, as guardian of Gladys Green, filed a third suit seeking a tax refund under 26 U.S.C. § 7422. Green v. United States, No. 07-CV-0231-CVE-PJC (N.D. Okla.) (hereinafter, Green III). The undersigned noted that the Green III complaint contained many of the same allegations as the complaints in Green I and Green II. This Court dismissed the Green III claims for lack of subject matter jurisdiction because Janice Green had failed to provide evidence that she filed a timely administrative claim, which is a jurisdictional prerequisite to suit under 26 U.S.C. § 7422. Green III, 2008 WL 508675, at *4.

In Green III, the United States asked this Court to sanction Janice Green and her attorney, Robert C. Green, for filing a frivolous lawsuit. The Court found that Robert C. Green had violated Fed. R. Civ. P. 11 by filing a frivolous lawsuit, and that Janice and Robert Green "ignored obvious jurisdictional problems with [the] case." Id. at *6. The Court denied the United States's requests to dismiss the case with prejudice and award it attorney fees, but required that, should Janice Green or Robert G. Green "file or attempt to file in any jurisdiction a lawsuit based on the factual or legal claims alleged in this lawsuit, they must notify that court of" the Green III Opinion and Order. Id. at 8.

Plaintiff filed the instant case on February 8, 2010. Dkt. # 1.

## II.

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), a court must determine whether it has subject matter jurisdiction over the plaintiff's claim. Rule 12(b)(1) motions are either facial or factual attacks on the sufficiency of the complaint:

> Under a facial attack, the movant merely challenges the sufficiency of the complaint, requiring the district court to accept the allegations in the complaint as true. In a factual attack . . . however, the movant goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends. In such a

> situation, the court must look beyond the complaint and has wide discretion to allow
> documentary and even testimonial evidence under Rule 12(b)(1).

Paper, Allied-Industrial, Chemical and Energy Workers Int'l Union v. Cont'l Carbon Co., 428 F.3d 1285, 1292 (10th Cir. 2005) (citations omitted). A court need not convert a 12(b)(1) motion to one for summary judgment when considering matters outside the pleadings. Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).

Standing is a jurisdictional matter. See Wilderness Soc'y v. Kane Cty., Utah, 581 F.3d 1198, 1209 (10th Cir. 2009) ("[a]bsent a plaintiff with constitutional standing, federal courts lack jurisdiction"); see also Flast v. Cohen, 392 U.S. 83, 99 n.20 (1968) ("a general standing limitation imposed by federal courts is that a litigant will ordinarily not be permitted to assert the rights of absent third parties"); D.L. v. Unified Sch. Dist. No. 497, 596 F.3d 768, 775 (10th Cir. 2010) ("[p]laintiffs bear the burden of proof on jurisdictional issues such as standing").

Pro se pleadings must be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. Hall, 935 F.2d at 1110. Moreover, even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil Procedure." Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).

**III.**

Title 28, section 1346(a)(1) of the United States Code grants the federal district courts original jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." There are two well-

established prerequisites to a tax refund suit. "First, a plaintiff must have fully paid the challenged tax assessment. Second, a plaintiff must have filed a valid refund claim with the IRS, and the IRS must have denied the claim or six months must have passed since the claim was filed with no IRS response." Mires v. United States, 466 F.3d 1208, 1211 (10th Cir. 2006) (internal citations omitted).

Section 1346(a)(1) has been construed to permit actions brought only by the person who paid the tax. Eighth St. Baptist Church, Inc. v. United States, 431 F.2d 1193, 1194 (10th Cir. 1970) (per curiam); see also Phillips v. United States, 346 F.2d 999, 1000 (2nd Cir. 1965); First Nat'l Bank of Emlenton v. United States, 265 F.2d 297, 299-300 (3d Cir. 1959). Plaintiff essentially argues that, because she was the sole beneficiary of the Estate and the entire estate went to satisfy the IRS's tax assessment, she qualifies as a taxpayer based on the rule announced in United States v. Williams, 514 U.S. 527 (1995). See Dkt. # 1, at 9. The Court rejected this argument in Green III:

> Gladys I. Green alleges that she qualifies as a taxpayer even though the Estate, not Gladys I. Green, paid the contested estate taxes. She cites United States v. Williams, 514 U.S. 527 (1995), as a basis for standing. Williams recognized a limited circumstance when a person not directly responsible for a tax could file a refund claim because, in Williams, a wife paid her husband's taxes after the IRS levied against her personal property. However, the Supreme Court made clear that it intended for Williams to be construed narrowly, and it was not authorizing a "host of third-party challenges" to tax assessments. In this case, the Estate was the taxpayer, and only the Estate administrator had authority to file a refund claim on behalf of the Estate. As the beneficiary of the Estate, Gladys I. Green may have had some interest in the Estate's property, but she did not personally pay any taxes on behalf of the Estate. Therefore, she is not deemed a taxpayer under Williams, and she lacks standing to pursue a refund claim for taxes paid by the Estate.

Green III, 2008 WL 508675, at *4 n.11 (internal citations omitted).  Plaintiff provides no reason to question this conclusion in the instant case.[5]  She argues that she was the joint owner of the property sold to satisfy the IRS judgment and that the "former IRS employees [who were appointed as administrators of the Estate] should have at least ensured that she would receive half of the sale proceeds."  Dkt. # 1, at 9.  This is a claim against the Estate, not against the IRS.  The IRS was not responsible for distributing the proceeds of the property sale.  She also alleges that she was "the person who made the tax overpayment under 26 U.S.C. § 6402 . . . ."  Id.  This is simply not true.  She did not pay the estate taxes; the Estate paid the estate taxes.  The fact that the tax payment had the effect of reducing her inheritance does not mean that she paid the taxes.

Plaintiff did not pay the taxes for which she seeks a refund.  Therefore, she lacks standing to bring this suit and this Court does not have jurisdiction under 28 U.S.C. 1346(a)(1).  The Court need not consider the United States' arguments that plaintiff has failed to satisfy other jurisdictional prerequisites and that her claims are barred by claim and issue preclusion and the Rooker-Feldman doctrine.

**IT IS THEREFORE ORDERED** that the United States' Motion to Dismiss (Dkt. # 4) is **granted**.  A separate judgment shall be entered herewith.

**DATED** this 17th day of August, 2010.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[5] Fletcher v. United States, 226 Ct. Cl. 560 (Fed. Cl. 1980), is inapposite.  In that case, the plaintiff admitted she was not a "taxpayer" under the Internal Revenue Code.  She was permitted to advance a claim under an implied contract theory because she was not a taxpayer.  Boryan v. United States, 690 F. Supp. 459 (E.D. Va. 1988), is also inapposite.  That case dealt with the calculation of a credit for tax on prior transfers pursuant to 26 U.S.C. § 2013 and is of no relevance here.

7